JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kyle L. Welch

**DEFENDANTS**
City of Phila., Officer Joseph Rapone, Officer Christopher Culver

(b) County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
William J. Fox, Esq., 1219 Spruce St., Phila., PA 19107

Attorneys *(If Known)*
Aaron Shotland

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane       ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product            Product Liability |  | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability       ☐ 367 Health Care/ |  |  | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &            Pharmaceutical |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander            Personal Injury |  | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'            Product Liability |  | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability       ☐ 368 Asbestos Personal |  | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine            Injury Product |  |  | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product            Liability |  | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability      **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle       ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle       ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability       ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal            Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury       ☐ 385 Property Damage | ☐ 751 Family and Medical |  | ☐ 895 Freedom of Information |
|  | ☐ 362 Personal Injury -            Product Liability | Leave Act |  | Act |
|  | Medical Malpractice | ☐ 790 Other Labor Litigation |  | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights    **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting       ☐ 463 Alien Detainee |  | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment       ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/            Sentence |  | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations       ☐ 530 General |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -       ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
|  | Employment    **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities -       ☐ 540 Mandamus & Other | ☐ 465 Other Immigration |  |  |
|  | Other       ☐ 550 Civil Rights | Actions |  |  |
|  | ☐ 448 Education       ☐ 555 Prison Condition |  |  |  |
|  |       ☐ 560 Civil Detainee - |  |  |  |
|  |            Conditions of |  |  |  |
|  |            Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983
Brief description of cause:
Civil Rights Violation under 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  7/13/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kyle L. Welch | Civil Action |
| **Plaintiff** | NO: _____ |
| **V.** | |
| City of Philadelphia<br>c/o City Law Department<br>and, | |
| Officer Joseph Rapone<br>c/o City Law Department<br>and, | Formerly |
| Officer Christopher Culver<br>c/o City Law Department | Court of Common Pleas<br>Philadelphia County<br>Trial Division – Civil<br>January Term 2015<br>No. 002668 |
| **Defendants** | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia, P/O Joseph Rapone and P/O Christopher Culver (hereinafter "petitioners") through their counsel, Aaron Shotland, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendants state the following:

1.      In January 2015, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, January 2015, No. 002668.  (Exhibit A - Complaint).

2.  On June 25, 2015, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3.  Plaintiff alleges that on January 23, 2014, she sustained damages when her civil rights were violated by the defendants. (Exhibit A ).

4.   This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, City of Philadelphia, P/O Joseph Rapone and P/O Christopher Culver, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig Straw
Chief Deputy City Solicitor

**AARON SHOTLAND**
**Assistant City Solicitor**
**Attorney I.D. No. 205916**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

Date: 7/13/15

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Kyle L. Welch

              **Plaintiff**

        **v.**

City of Philadelphia
c/o City Law Department
and,

Officer Joseph Rapone
c/o City Law Department
and,

Officer Christopher Culver
c/o City Law Department


         **Defendants**

Civil Action

NO: _____


Formerly

**Court of Common Pleas
Philadelphia County
Trial Division – Civil
January Term 2015
No. 002668**

## NOTICE OF FILING OF REMOVAL

TO:   William J. Fox, Esquire
       1219 Spruce Street
       Philadelphia, PA  19107

PLEASE TAKE NOTICE THAT on July 13, 2015, defendants, City of Philadelphia, P/O Joseph Rapone and P/O Christopher Culver filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**AARON SHOTLAND**
**Assistant City Solicitor**
**Attorney I.D. No. 205916**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Kyle L. Welch

**Civil Action**

       **Plaintiff**

**NO:** _____

   **V.**

**City of Philadelphia**
**c/o City Law Department**
**and,**

**Officer Joseph Rapone**
**c/o City Law Department**
**and,**

Formerly

**Court of Common Pleas**
**Philadelphia County**
**Trial Division – Civil**
**January Term 2015**
**No. 002668**

**Officer Christopher Culver**
**c/o City Law Department**

       **Defendants**

## CERTIFICATE OF SERVICE

I, Aaron Shotland, Assistant City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   William J. Fox, Esquire
       1219 Spruce Street
       Philadelphia, PA  19107

/Aaron Shotland
**Assistant City Solicitor**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

Date: 7/13/15

Exhibit "A"

94 223

**WILLIAM J. FOX, ESQUIRE**
**Law Offices of William J. Fox, P.C.**
**Attorney Id. 69898**
**1219 Spruce Street**
**Philadelphia, PA 19107**
**(215) 546-2477**

**Attorney for Plaintiff**

**KYLE L. WELCH**                   :   **PHILADELPHIA COUNTY**
      **Plaintiff**              :   **COURT OF COMMON PLEAS**
                      :
          **v.**                 :   **JANUARY TERM 2015**
                      :   **NO. 2668**
**CITY OF PHILADELPHIA**             :
**C/O CITY LAW DEPARTMENT**          :
**and,**                            :
                      :
**OFFICER JOSEPH RAPONE**            :
**C/O CITY LAW DEPARTMENT**          :
**and,**                            :
                      :
**OFFICER CHRISTOPHER CULVER**       :
**C/O CITY LAW DEPARTMENT**          :
      **Defendants**             :
                      :

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with he court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you | I e han demandado a usted en la corte. Si usted quiere defenderse de estademandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplavoal partir de la fecha de la demanda y la notificacion, llacc lalta a senta una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s?? persona. Sea a visado que si ysted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previa aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perde? dinero o sus propiedades o otros de rechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NAT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIA LAMENIE S?? NO LLENE ABOGADO O SI NO LLENE EL DINERO SUFFICIENLL DI PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE INCUENIRA ESCRIIA ABAJO PARA AVERIGUAR DONDI SI PUIDI CONSEGUIR ASISIENCIA LEGAL. |
| Lawyer Reference Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>Telephone; 215-238-6333<br>TTY: 215-451-6197 | Servicio de Referencia Legal<br>Uno Reading Centro<br>Filadelfia, PA 19107<br>Telefono: 215-238-6333<br>TTY: 215-451-6197 |

Case ID: 150102668

WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney Id. 69898
1219 Spruce Street
Philadelphia, PA 19107
(215) 546-2477

**Attorney for Plaintiff**

| | | |
|---|---|---|
| KYLE L. WELCH | : | PHILADELPHIA COUNTY |
| Plaintiff | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | JANUARY TERM 2015 |
| | : | NO. 2668 |
| CITY OF PHILADELPHIA | : | |
| C/O CITY LAW DEPARTMENT | : | |
| and, | : | |
| | : | |
| OFFICER JOSEPH RAPONE | : | |
| C/O CITY LAW DEPARTMENT | : | |
| and, | : | |
| | : | |
| OFFICER CHRISTOPHER CULVER | : | |
| C/O CITY LAW DEPARTMENT | : | |
| Defendants | : | |
| | : | |

## COMPLAINT

1. Plaintiff, Kyle L. Welch, is a citizen and resident of Philadelphia, Pennsylvania and the United States of America.

2. Defendant, City of Philadelphia, is a municipality and agent of the Commonwealth of Pennsylvania. Defendant City Of Philadelphia manages and oversees the Philadelphia Police Department and Philadelphia Prison System.

3. Defendant, Joseph Rapone, is a Philadelphia Police Officer.

4. Defendant, Christopher Culver, is a Philadelphia Police Officer.

5. Plaintiff sues each and all Defendants in their individual and official capacities.

6. At all times material to this Complaint, Defendants Rapone and Culver acted under color of law and under the color of the statutes, customs, ordinances and usage of the State of Pennsylvania, City of Philadelphia and Philadelphia Police Department.

7. At all times relevant, Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

8. At all times relevant, Defendant police officers were employed in their duties as police officers for the City of Philadelphia.

9. At all times relevant hereto, Defendant City of Philadelphia was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of the Defendant City.

10. On January 23, 2014, Plaintiff, Kyle L. Welch, drove her car to E. Hilton Street in Philadelphia to pick-up her roommate, Christopher Poulan, who was helping a friend to move into an apartment.

11. It was snowing at the time and the roads were covered with snow. On the way home, while traveling on A Street, Plaintiff's vehicle got stuck in the snow.

12. After getting out of the car and pushing, she and Mr. Poulsen were able to get the car moving. Plaintiff got into the car as a passenger. At this point, Mr. Poulsen had taken over driving the car.

13. Before Plaintiff could continue her journey to her apartment in South Philadelphia, a large white sedan pulled-up right next to her vehicle. Two police officers were in the sedan.

14. Plaintiff noticed that the men in the sedan were wearing police uniforms and that they where Philadelphia Police Officers later identified as Defendants, Joseph Rapone and Christopher Culver.

2

15. Defendant Rapone rolled down the window of his vehicle.  Recognizing him as police officer, Plaintiff rolled down her car window.

16. Defendant Rapone then began to question and detain Plaintiff and Mr. Poulan.

17. Defendants, Rapone and Culver, for no good reason, began to question and harass Plaintiff and accuse Plaintiff of taking drugs, selling drugs and/or purchasing drugs.

18. Depite the fact that Defendants Rapone and Culver were rude, intimidating and vulgar, Plaintiff acted civilly and answered their questions.  Defendants, mostly Defendant Rapone, then began to engage in unlawful searches, assaults, batteries and intimidating behavior that includes, but is not limited to, the following:

     a. Defendant Rapone, through his vehicle window, asked Plaintiff where she lived and Plaintiff told him where she lived.  He then asked her what she was doing.  She replied that she was picking up her friend.  Defendant Rapone responded "bullshit" and stated "She's got dope on her."

     b. Defendant Rapone then jumped out of his vehicle and opened Plaintiff's door. Plaintiff attempted to get out and Rapone yelled: "Did I tell you to get out of the fucking car, did I?  Stay in the fucking car."  Plaintiff complied.

     c. Defendant Rapone asked Plaintiff if she had ever been arrested.  When she replied no, he stated "Do you want to be arrested?"   Plaintiff replied no.

     d. Defendant Rapone then asked Plaintiff if she had drugs on her. When she replied "no" Rapone yelled "bullshit".   Plaintiff then emptied her pockets, which contained her phone, glasses and wallet, as a gesture to show Defendant Rapone that she did not have any drugs. Defendant Rapone then began to rummage through Plaintiff's wallet.

3

e. Defendant Rapone unzipped Plaintiff's jacket and began to feel inside her jacket and then stated, "I'm not feeling you up."

f. Defendant Rapone asked Plaintiff what she did for a living. When Plaintiff replied that she was a nurse anaesthetist, he replied "you are a fucking nurse with anesthesia?"

g. Defendant Rapone questioned Plaintiff as to where she worked and Plaintiff responded, Pennsylvania Hospital.

h. Defendant Rapone threatened to call Plaintiff's aforesaid employer and tell them that Plaintiff was hanging out in a "bad" neighborhood dealing and/or using drugs.

i. Defendant Rapone obtained Plaintiff's date of birth, directed Plaintiff to stand behind the vehicle and then checked Plaintiff's date of birth to see if she had a criminal record.

j. Defendant Culver had asked Mr. Poulen to step out of the car and began to search the car and opened the center console.

k. Defendant Rapone asked Mr. Poulen if he had any needles (meaning needles used to shoot up heroin etc.). Mr. Poulen replied he did not. Defendant Rapone then threatened to harm Mr. Poulen if he got stuck with a needle.

19. Defendants Rapone and Culver returned to their vehicle and without saying anything further, or issuing any citations, drove away.

20. At no time did Defendants have any reasonable suspicion or probable cause to stop and detain Plaintiff.

21. At no time had Plaintiff or Mr. Poulen engaged in any criminal conduct that could have provided Defendants Rapone and Culver with reason to stop, detain, harass and illegally search Plaintiff's person and car.

4

22. At no time after the stop, did Defendants Rapone or Culver ever sign any affidavit stating that Plaintiff had committed a crime.

23. The conduct of Defendants Rapone and Culver is so outrageous as to go beyond all societal norms and expected behavior of a law enforcement officer.

24. On January 24, 2014, Plaintiff received a phone call from her employer informing her that an alleged anonymous caller had notified Penn Health Systems that Plaintiff was in a drug neighborhood and was trying to buy drugs.

25. On January 24, 2014, Plaintiff filed a complaint with the Philadelphia Police Department Internal Affairs Unit.

26. On or about February 19, 2014, Plaintiff met with Lt. Logan from the Philadelphia Police IAD and was interviewed with regard to the events that took place on January 23, 2014.

27. However, despite repeated inquiries, the IAD has not informed Plaintiff of the results of their investigation. The IAD has acted with callous disregard of Plaintiff's complaint and has failed to inform Plaintiff of the results of its investigation.

28. As a result of the aforesaid false reports made by Defendants Rapone and Culver to Penn Health System, Plaintiff was required to undergo a drug screen test. The test results were negative.

29. As a result of the false reports made by Defendants Rapone and Culver to Penn Health System, Penn Health System forced Plaintiff to resign from her employment from Penn Hospital/Penn Health System.

## COUNT I - DEFAMATION

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 of this Complaint

5

as though same were fully set forth at length herein.

31. At all times relevant, Plaintiff was defamed to others by the false statements of Defendants Rapone and Culver that were made to Plaintiff's employer, and others, that Plaintiff had engaged in criminal activity and was an illegal drug dealer and user.

32. Due to the defamation that Plaintiff was subjected to, Plaintiff has suffered the following damages:

      (a) loss of employment, wages and other pecuniary losses

      (b) embarrassment and humiliation;

      (c) damage to reputation;

      (d) pain and suffering due to the insults to her nervous system; and

      (e) mental anguish and distress.

33. Defendant's conduct in defaming Plaintiff was also reckless and intentional and outrageous.

### COUNT II - DEFAMATION - SLANDER PER SE

34. Plaintiff hereby incorporates by reference paragraphs 1 through 33 of this Complaint as though same were fully set forth at length herein

35. At all times relevant Defendants Rapone and Culver falsely reported to Plaintiff's employer that Plaintiff engaged in criminal conduct.

36. At all times relevant, Defendants Rapone and Culver repeatedly made disparaging comments to Plaintiff's employer accusing Plaintiff of selling drugs.

37. These statements are false, defamatory and otherwise harassing to Plaintiff.

38. It is extreme and outrageous to contact Plaintiff's employer and make false

statements.

39. Defendants' aforesaid defamatory statements constitute slander per se.

40. Due to the slander per se, Plaintiff has suffered the following damages:

      (a) loss of employment, wages and other pecuniary losses

      (b) embarrassment and humiliation;

      (c) damage to reputation;

      (d) pain and suffering due to the insults to her nervous system; and

      (e) mental anguish and distress.

## COUNT III - 42 U.S.C. §1983 FALSE IMPRISONMENT

41. Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as though same were fully set forth at length herein.

42. Plaintiff, Kyle Welch, was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendants Rapone and Culver in that they, as described in detail in the preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.

43. More specifically, Defendants Rapone and Culver intentionally and unlawfully detained Plaintiff without probable cause, against Plaintiff's will, and these actions were the actual and proximate cause of the Plaintiff's injuries.

## COUNT IV - 42 U.S.C. §1983 MONELL CLAIM

44. Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint as though same were fully set forth at length herein.

45. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's

Case ID: 150102668

constitutional rights while acting under color of law.

46. Defendant City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

47. There has been a history of Philadelphia Police Officers engaging in rampant illegal conduct in detaining civilians, without probable cause, because the civilian is Caucasian and in a neighborhood that is known for illegal drug dealing activity and/or is considered to be a "drug neighborhood."

48. It is and/or was the policy and/or custom of the Defendant City of Philadelphia to fail to sufficiently supervise against, train and/or re-train against, and discipline against illegal police activity as described herein.

49. It is and/or was the policy and/or custom of the Defendant City of Philadelphia to fail to sufficiently supervise against, train and or re-train against, and discipline against complicity by the Philadelphia Police Department regarding illegal police activity and illegal police stops without any probable cause.

50. It was the policy and/or custom of Defendant City of Philadelphia to inadequately supervise and train its Police Officers, like Defendants Rapone and Culver, against a code of silence or complicity of Police Officers and other unlawful misconduct committed by Police Officers.

51. As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendants Rapone and Culver, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

8

52. As a result of all Defendant's conduct, Plaintiff suffered and continues to suffer pecuniary damages, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses

## COUNT V - Invasion of Privacy – Casting in a False Light

53. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as though same were fully set forth at length herein.

54. Defendant City of Philadelphia and Defendants Rapone and Culver, acting in concert, conspiracy and/or jointly, invaded the privacy and/or cast Plaintiff in a false light by making it appear to others that Plaintiff had violated the laws of the Commonwealth of Pennsylvania, engaged in criminal activities and/or had otherwise engaged in conduct that was inconsistent with the character and reputation of the Plaintiff.

55. The actions of all Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously and/or in the absence of probable cause or other lawful grounds and/or with reckless disregard for the truth.

56. As a result of all Defendants' conduct, Plaintiff suffered and continues to suffer pecuniary damages, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses.

## COUNT III - RESPONDEAT SUPERIOR

57. Plaintiff incorporates by reference paragraphs 1 through 58 of this Complaint as though same were fully set forth at length herein.

58. At all times relevant, Defendant City of Philadelphia was the employer of Defendants Rapone and Culver.

9

Case ID: 150102668

59. At all times relevant and on January 23, 2014, Defendants Rapone and Culver were employed by, and were agents, servants, contractors, independent contractors and/or employees of Defendant City of Philadelphia.

60. On January 23, 2014, Defendants Rapone and Culver were working within the course and scope of their employment for the City of Philadelphia Police Department when they detained Plaintiff and contacted Plaintiff's employer to falsely report that Plaintiff was engaged in criminal activities.

61. The above-described acts of Defendants Rapone and Culver Dunn were committed within the scope of their employment for the City of Philadelphia Police Department in that said acts were committed while they were on duty and acting in furtherance of the business of the City of Philadelphia.

62. As a result of the foregoing acts of Defendant City of Philadelphia, Plaintiff suffers and continues to suffer pecuniary damages, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses..

WHEREFORE, Plaintiff demands judgment against the Defendants and each of them, jointly and severally, as follows:

a. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

b. Damages for pain and suffering;

c. Punitive damages in an amount the Court shall consider to be just, reasonable and fair;

d. Attorney fees and the costs of this action; and

e. Such other relief as this Court shall consider to be fair and equitable.

Date: ____June 25, 2015____

WILLIAM J. FOX, ESQUIRE
Attorney for Plaintiff

Case ID: 150102668

## VERIFICATION

I, Kyle L. Welch, Plaintiff in this Action, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

I understand that the statements made in said Pleading are made subject to the penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

Date: 6/25/15

KYLE L. WELCH

Case ID: 150102668

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Kyle L. Welch                                    **Civil Action**
       **v.**

City of Philadelphia,                            **No.**
Officer Joseph Rapone
Officer Christopher Culver

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                    (    )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                             (    )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   (    )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                      (    )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                         (    )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.        ( X )

                   **Aaron Shotland, Esquire**

| | | |
|---|---|---|
| __7/13/2015__ | _____ | City of Philadelphia, et al. |
| Date | Attorney-at-law | Attorney for |
| | | |
| **(215) 683-5434** | **(215) 683-5397** | **aaron.shotland@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  _____611 League Street, Philadelphia, PA  19147_____

Address of Defendant:  _____Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102_____

Place of Accident, Incident or Transaction:  _____Philadelphia, PA_____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).     Yes ☐     No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐     No ☒
*RELATED CASE IF ANY:*

Case Number: _____ Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes ☐     No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes ☐     No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes ☐     No ☒

CIVIL: (Place  in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1.  ☐  Indemnity Contract, Marine Contract, and All
2.  ☐  FELA
3.  ☐  Jones Act – Personal Injury
4.  ☐  Antitrust
5.  ☐  Patent
6.  ☐  Labor-Management Relations
7.  ☒  Civil Rights
8.  ☐  Habeas Corpus
9.  ☐  Securities Act(s) Cases
10. ☐  Social Security Review Cases
11. ☐  All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

Other Contracts     1. ☐  Insurance Contract and Other Contracts
2.  ☐  Airplane Personal Injury
3.  ☐  Assault, Defamation
4.  ☐  Marine Personal Injury
5.  ☐  Motor Vehicle personal Injury
6.  ☐  Other Personal Injury (Please specify)
7.  ☐  Products Liability
8.  ☐  Products liability - Asbestos
9.  ☐  All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____Aaron Shotland_____, counsel of record do hereby certify:

☐  Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐  Pursuant to Local Civil  Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE: _____7/13/2015_____     _____Aaron Shotland_____     _____205916_____
                                                                 Attorney-at-Law                      Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____7/13/2015_____     _____     _____205916_____
                                                        Aaron Shotland, Esq.                 Attorney I.D. #
                                                        Attorney-at-Law

CIV. 609 (4/03)